UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          CASE NO. 8:09-CR-36-T-33TGW

ANDREW MONTALVO
_____/

**ORDER**

This cause comes before the Court for consideration of the effect of 18 U.S.C. § 3582(c)(2) and Amendment 750 on Defendant Andrew Montalvo's sentence. For the reasons that follow, the Court finds that Defendant is ineligible for a sentence reduction.

**I. Background**

On August 12, 2009, Defendant Montalvo pled guilty to counts four and five of the indictment (Doc. # 1) charging Defendant with distribution of cocaine base, in violation of Title 21, United States Code, § 841(a)(1) and being a felon in possession of a firearm, in violation of Title 18, United States Code, §§ 922(g) and 924(e). (Doc. # 20). Thereafter, Defendant filed a Motion for Sentence Notwithstanding Armed Career Criminal Act. (Doc. # 42). At Defendant's Sentencing Hearing, this Court denied Defendant's Motion for Sentence Notwithstanding the Armed

Career Criminal Act as a result of Defendant's five prior felony convictions for selling cocaine. (Doc. # 55 at 13). On February 23, 2010, this Court sentenced Defendant to 180 months imprisonment as to each count, to run concurrently, followed by a term of supervised release. (Doc. # 48).

Defendant challenged his sentence on direct appeal, asserting, in relevant part, that this Court erred by sentencing him as an armed career criminal because his prior convictions were part of a single case, not separate criminal convictions. (Doc. # 64). On August 19, 2010, the Eleventh Circuit dismissed Defendant's appeal. Id.

On November 2, 2011, the Court appointed a Federal Defender to represent Defendant for purposes of seeking a reduction of his sentence pursuant to Amendment 750 of the Fair Sentencing Act of 2010. (Doc. # 70). In addition, the Court directed the United States Probation Office to prepare a memorandum on the applicability of Amendment 750. (Doc. # 70). The United States Probation Office's memorandum determined that Defendant is not eligible for a sentence reduction pursuant to Amendment 750, as he was sentenced as an armed career criminal and his sentence was therefore based on USSG § 4B1.4, not USSG § 2D1.1. (Doc. #

81). Defendant's counsel filed a response agreeing with the United States Probation Office's memorandum. (Doc. # 79).

Defendant then filed a motion pursuant to 28 U.S.C. § 2255, claiming this Court erred by sentencing him as an armed career criminal. (Doc. # 68). Defendant also filed a pro se motion disputing his attorney's response to Probation's memorandum, insinuating that he received ineffective assistance of counsel regarding the Amendment 750 proceedings and requesting that the Court hold the Amendment 750 proceedings in abeyance until final disposition of his 28 U.S.C. § 2255 motion. (Doc. # 80). The United States opposed Defendant's motion to hold the Amendment 750 procedure in abeyance. (Doc. # 84). This Court ultimately denied Defendant's 28 U.S.C. § 2255 motion stating the Defendant was barred from relitigating the issue as the Eleventh Circuit had previously dismissed it on direct appeal. (Doc. # 86).

As discussed herein, the Court reaches the same conclusion as the United States and the Probation Office as to Defendant concerning Amendment 750. In addition, the Court denies as moot Defendant's Pro Se Motion Requesting Ruling Regarding Amendment 750 Be Held in Abeyance, Until Final Disposition of His Pending § 2255 Motion.

**II. Analysis**

The United States Sentencing Commission promulgated Amendment 750 lowering the base offense level specified in U.S.S.G. § 2D1.1 for cocaine base (crack cocaine) offenses as of November 1, 2011. The Commission decided that Amendment 750 should be applied retroactively. Section 3582(c)(2) gives the district court the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines provides that a reduction in a defendant's term of imprisonment is authorized under § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." U.S.S.G. § 1B1.10(a). However, a reduction in sentence is not authorized under § 3582(c) if the covered amendment "does

not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

When a defendant's base offense level was determined according to the career offender guidelines and not the drug quantity table, Amendment 750 does not have the effect of lowering the defendant's applicable guideline range. In United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), the Eleventh Circuit held that career offenders were not eligible for reductions in sentence based on the 2008 retroactive crack amendment (Amendment 706) because their sentences were "based on" the career offender guidelines, not the crack guidelines. This is so because a career offender is sentenced under U.S.S.G. § 4B1.1.; a reduction to the base offense level under U.S.S.G. § 2D1.1 would not affect the sentencing range. Id. at 1327-30. The same is true for armed career offenders as they are sentenced under USSG § 4B1.4.

More significantly, the Eleventh Circuit recently reiterated its position that a court may reduce a defendant's sentence pursuant to § 3582(c)(2) only if the relevant amendment is listed in U.S.S.G. § 1B1.10(c) and the reduction is consistent with the Guidelines' policy

statement in U.S.S.G. § 1B1.10(a)(1). United States v. Baxter, 2012 WL 1192173, at *1 (11th Cir. Apr. 9, 2012).

> When determining whether a reduction is warranted, a court should determine the Guidelines range that would have been applicable had the relevant amendment been in effect at the time of the defendant's sentencing. In doing so, a court must only substitute the relevant amendment into the district court's original Guidelines calculations, and leave all other Guideline-application decisions unaffected. Where a retroactively applicable Guidelines amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his sentence was based, the district court is not authorized to grant a sentence reduction pursuant to § 3582(c)(2).

Id.

Previously, this Court denied Defendant's 28 U.S.C. § 2255 motion in which Defendant asserted that his sentence as an armed career criminal was incorrect, in part because Defendant did not have the right to relitigate the issue as it was directly appealed and dismissed. (Doc. # 86). The Eleventh Circuit has held that a sentencing court lacks authority to reduce a sentence pursuant to Amendment 750 for Defendants, like Montalvo, who were sentenced as armed career criminals. United States v. Thomas, No. 11-15896, 2012 WL 1255053, at *1 (11th Cir. Apr. 16, 2012). Despite Defendant's appeal and subsequent motion his designation as an armed career criminal still stands.

The Court finds that Defendant is ineligible for relief pursuant to Amendment 750 because he is an armed career offender. A reduction in Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with U.S.S.G. § 1B1.10.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Andrew Montalvo is ineligible for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) because he is an armed career offender.

(2) Defendant's Pro Se Motion Requesting Ruling Regarding Amendment 750 be Held in Abeyance, Until Final Disposition of His Pending § 2255 Motion is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of July, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
Office of the Federal Defender
United States Attorney's Office
United States Probation office
Bureau of Prisons
U.S. Marshals Office
Any pro se party